UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEITH SMITH, 05-B-0208,

        Petitioner,

    -v-                                     08-CV-0669(MAT)
                                             **ORDER**
JAMES T. CONWAY, Superintendent,
Attica Correctional Facility,

        Respondent.

---

## I. Introduction

*Pro se* petitioner Keith Smith ("petitioner") has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his custody arising out of his conviction in Erie County Supreme Court of five counts of Robbery in the First Degree (N.Y. Penal L. § 160.15(2)), two counts of Sodomy in the First Degree (former N.Y. Penal L. § 130.50(1)), two counts of Sexual Abuse in the First Degree (N.Y. Penal L. § 130.65(1)), and one count each of Burglary in the First Degree (N.Y. Penal L. § 140.30(1)) and Assault in the First Degree (N.Y. Penal L. § 120.10(1)). Petitioner pleaded guilty before Justice Russell P. Buscaglia, and was subsequently sentenced as a second felony offender to a determinate sentence of twenty-two years imprisonment with five years of post-release supervision.

## II. Factual Background and Procedural History

On December 2, 2003, petitioner and co-defendant Joseph Ayers ("Ayers") were charged in a twenty-seven count indictment

containing multiple counts of burglary, robbery, sodomy, sexual abuse, coercion, as well as attempted murder and assault. The charges arose from petitioner's illegal entry into the home of William Tweedie ("Tweedie") on Jones Street in the City of Buffalo where a party was taking place. While in the home, petitioner shot, robbed, and sexually assaulted guests, as well as forcing them at gunpoint to engage in sexual contact with one another. Petitioner was eventually subdued by Tweedie and other male guests until Buffalo Police arrived.

On September 20, 2004, petitioner appeared with his assigned attorney, Andrew LoTempio, Esq. ("LoTempio") in Supreme Court, Erie County, before Justice Russell P. Buscaglia, and pleaded guilty to eleven counts of the indictment. Plea Mins. ("P.M.") 25-26. The court indicated that based upon its discussions with the district attorney and defense counsel, and considering petitioner's status as a second violent felony offender, the court would commit to a determinate period of twenty-two years incarceration, plus five years of post-release supervision. P.M. 17.

On the day petitioner was scheduled to be sentenced, petitioner requested that LoTempio be relieved, arguing that he was not "given the chance to make an intelligent and factual decision" with respect to his plea because LoTempio had not given petitioner the pertinent paperwork relating to his case. He also sought to withdraw his plea because he felt that the prosecution had "no

proof" of the sodomy charges. Hr'g Mins. dated 11/23/2004 at 2-6. Because petitioner alleged a conflict of interest with LoTempio, the court assigned an attorney solely to assist petitioner with his motion to withdraw the plea. Id. at 10.

On January 4, 2005, petitioner appeared with attorney Karen Korkuc, Esq. ("Korkuc"), to be heard on the motion to withdraw his guilty plea. Korcuk argued that due to the voluminous nature and complexity of the indictment, petitioner, who had "difficulty with comprehension," could not understand the charges against him and was not aware that he would have to register as a sex offender as a result of the conviction. Hr'g Mins. dated 1/4/2005 at 4. At the hearing, petitioner did not allege that LoTempio's representation was deficient. Id. at 5-6.[1] The court ruled that petitioner had not made sufficient allegations in support of his motion to withdraw the plea and denied petitioner's request. Id. at 10. Petitioner was then sentenced as agreed upon to concurrent, determinate terms of imprisonment totaling twenty-two years with five years of post-release supervision. Sentencing Mins. ("S.M.") at 7.

Represented by counsel, petitioner appealed his conviction to the Appellate Division, Fourth Department, on the following grounds: (1) the court improvidently exercised its discretion in

---

[1] Korkuc stated on the record that she had "no doubt that Mr. LoTempio took the appropriate steps to give [petitioner] the written materials," and acknowledged that LoTempio did obtain "an extremely favorable sentence commitment" for petitioner. Id. at 6.

3

denying petitioner's motion to withdraw his guilty plea; (2) petitioner's waiver of appeal rights was ineffective to preclude a challenge to his sentence; and (3) the sentence was harsh and excessive. Pet'r Appellate Br. 2-21 (Ex. B). Petitioner also submitted a *pro se* supplemental brief, raising the following points: (1) petitioner's guilty plea and waiver of appeal was not knowing and intelligent; (2) ineffective assistance of counsel; and (3) petitioner was denied his right to a speedy trial. Pet'r *Pro Se* Br. 3-12 (Ex. B). The judgment of conviction was unanimously affirmed by the Fourth Department. People v. Smith, 37 A.D.3d 1141 (4th Dept. 2007), lv. denied, 9 N.Y.3d 851 (2007).

The instant petition for habeas corpus ("Pet.") was filed on September 5, 2008 (Dkt. #1), alleging that his plea was not knowingly and voluntarily entered and that his assigned counsel was constitutionally ineffective. Pet. ¶¶ 12-13. For the reasons that follow, I find that petitioner is not entitled to the writ, and the petition is dismissed.

**III. Discussion**

    **A. General Principles Applicable to Federal Habeas Review**

        **1. Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v.

5

Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

### B. Merits of the Petition

#### 1. Voluntariness of Guilty Plea

Petitioner first claims that his guilty plea was not knowingly and voluntarily entered because he did not understand the nature of the charges against him. Pet. ¶ 12. The Appellate Division rejected

6

this contention on the merits, observing that the "remarks and conduct of defendant 'do not suggest that he lacked the capacity to understand the plea proceeding' and the record establishes that the guilty plea 'was voluntarily made with the advice of counsel following an appraisal of all the relevant factors.'" Smith, 37 A.D.3d at 1142 (quoting People v. Jones, 8 A.D.3d 1021 (2004); People v. May, 305 A.D.2d 1095 (2003)).

It is well-settled Supreme Court law that a guilty plea must be knowing and voluntary. Parke v. Raley, 506 U.S. 20, 28 (1992); Bousley v. United States, 523 U.S. 614, 619 (1998). The standard for determining voluntariness is whether the guilty plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). Since pleading guilty necessarily involves the relinquishment of various constitutional rights, the record must affirmatively demonstrate that the plea was intelligent and voluntary, and that the defendant was informed of certain direct consequences of his plea. See Boykin v. Alabama, 395 U.S. 238, 242 274 (1969). Moreover, "[f]or the plea to be voluntary, '[i]t is axiomatic' that the defendant must at least be competent to proceed." Oyague v. Artuz, 393 F.3d 99, 106 (2d Cir. 2004) (quoting United States v. Masthers, 539 F.2d 721, 725 (D.C.Cir. 1976)). The standard for determining competency to plead guilty is whether a defendant has "sufficient present ability to

consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." Godinez v. Moran, 509 U.S. 389, 399 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960) (per curiam)).

The record reflects that during the plea proceeding, petitioner testified to his address, date of birth, that he was able to read and write the English language, and that he was not under the influence of drugs or alcohol. P.M. 7-8. He also told the court that he had enough time to consult with his attorney and was satisfied with LoTempio's representation, and that no one threatened or coerced him into entering the plea. P.M. 14. Finally, the court informed petitioner that by pleading guilty, he was relinquishing certain rights, such as the right to a trial and right to appeal. P.M. 14-15. Petitioner then admitted to the facts of the crimes alleged, and pleaded guilty to eleven counts of the indictment. P.M. 18-27. Notably, at no time did counsel raise the issue of petitioner's fitness to proceed.

It was not until four months later that petitioner claimed he was unable to understand the nature of the charges against him and that he was "overwhelmed" by the process. In support of his argument, petitioner cited a history of comprehension problems, requiring special education classes from first through seventh grade and evidenced by the fact that he failed high school English

class five times. Hr'g Mins. dated 1/4/2005 at 4-5. In rejecting petitioner's contention, the court stated that it had not observed "in any way that [petitioner] was not alert or knowledgeable enough to understand what he was pleading guilty to." Id. at 12.

First, a state court's finding of a defendant's mental competency is a factual question entitled to deference. See Demosthenes v. Baal, 495 U.S. 731, 735 (1990); 28 U.S.C. § 2254(e)(1). Second, petitioner has provided only a self-serving argument that he did not understand the charges against him. There is nothing in the record to suggest that his limited educational background impeded his ability to understand the nature of the proceedings. To that end, petitioner's argument appears disingenuous in light of the fact that he was previously convicted of a violent felony and was thus "not a novice" to the criminal justice system. Id. at 13; S.M. 2-3. Finally, petitioner's in-court statements that his plea was knowing, voluntary, and that he was sufficiently advised by counsel undermine his contention that he lacked the mental capacity to plead guilty. Statements made by a defendant at a plea hearing constitute a "formidable barrier" that cannot be easily overcome in subsequent collateral proceedings because "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are

wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

In sum, the record amply supports that petitioner had a "rational as well as factual understanding of the proceedings against him" at the time of his guilty plea. Godinez, 509 U.S. at 396. Accordingly, petitioner has not demonstrated that the Appellate Division's determination was contrary to or an unreasonable application of Supreme Court precedent. Habeas relief must therefore be denied on this ground.

### 2. Ineffective Assistance of Counsel

Petitioner next contends that he was denied his constitutional right to the effective assistance of counsel because his attorney allegedly failed to explain the nature of the charges against petitioner, did not provide petitioner with the paperwork related to his case, did not hire a forensic expert, and did not make a speedy trial motion on petitioner's behalf. Pet. ¶¶ 13-24. Petitioner raised this claim on direct appeal and the Appellate Division held that, "[t]o the extent that the contention of defendant that he was denied effective assistance of counsel survives the guilty plea and the valid waiver of the right to appeal, we conclude that defendant received meaningful representation." Smith, 37 A.D.3d at 1142.

Because part of petitioner's claim that he was denied the effective assistance of counsel speaks to the voluntariness of his

guilty plea, the Court will address the substance of his claim that his attorney failed to explain the nature of the offenses to which petitioner pleaded guilty.[2] See Magee v. Romano, 799 F.Supp. 296, 299 (E.D.N.Y. 1992) (finding that petitioner's waiver of the right to appeal did not encompass claim of ineffective assistance where the claim went to the voluntariness of his guilty plea).

To raise a claim of ineffective assistance of counsel despite a guilty plea, the petitioner must show that the plea agreement was not knowing and voluntary because the advice he received from counsel was not within acceptable standards. Parisi v. U.S., 529 F.3d 134, 138-39 (2d Cir. 2008). The standard established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984) applies to a claim of ineffective assistance of counsel arising out of the plea bargaining process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient, and

---

[2] Petitioner's remaining claims, which relate to events occurring prior to his guilty plea, are not cognizable on habeas review. Lear v. Poole, --- F.Supp.2d ---- , 2010 WL 1948268, *8 (W.D.N.Y. 2010) (holding that a constitutionally valid guilty plea barred federal habeas review of his claim that he was denied effective assistance of counsel due to trial counsel's failure to seek dismissal based on indictment, as particularized by bill of particulars and collecting cases); United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) ("A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards.") (quoting Tollett, 411 U.S. at 267) (alteration in original); United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) (declining to address the merits of an ineffective assistance of counsel claim that counsel failed to call certain witnesses at a pretrial suppression hearing because it occurred previous to defendant's guilty plea).

that this deficient performance prejudiced his defense. Strickland, 466 U.S. at 687. Deficiency is measured by an objective standard of reasonableness and whether, "in light of all the circumstances, the identified acts or omissions, were outside the wide range of professionally competent assistance." Id. at 690. In terms of guilty pleas, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. To prevail, a petitioner must show that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

Petitioner's claim that counsel failed to apprise his client of the nature of the charges is belied by the record. Prior to the entry of petitioner's guilty plea, LoTempio placed on the record the following information: (1) that he [counsel] advised his client that petitioner faced a twenty-seven count indictment, and that Ayer, his co-defendant, had recently pleaded guilty and agreed to testify against petitioner; (2) counsel was made aware that a jailhouse informant had come forward with allegations that petitioner made admissions to him while incarcerated; (3) based on that information, LoTempio explained to petitioner that even if petitioner were to be acquitted on the sexual allegations in the indictment, a conviction of two or three of the violent B felonies listed in the indictment would carry possible sentence of fifty

12

years; (4) counsel discussed with his client the court's commitment of twenty-two years; and (5) counsel advised his client to take the plea, given that there was "a strong possibility" that petitioner would be convicted of two of the violent felonies. P.M. 3-5. Moreover, petitioner acknowledged under oath that he had enough time to consult with his attorney before entering his plea. P.M. 14. Contrary to petitioner's assertion, the record amply supports that LoTempio took the appropriate steps to provide petitioner with all of the written materials relating to petitioner's case and consulted with petitioner at pertinent stages of his case. See Hr'g Mins. dated 1/4/2005 at 5; Letters dated 11/26/2003, 6/28/2004, and 11/17/2004 (Ex. B). Finally, it is clear that counsel negotiated a disposition that was, as the state court observed, "reasonable" and "extremely favorable" to petitioner. P.M. 13. See Whitehurst v. Senkowski, 485 F.Supp.2d 105, 120 (N.D.N.Y. 2007) (finding that the fact that a defendant had received a favorable plea bargain "militate[d] against a finding that his attorney rendered ineffective assistance").

The record reveals that petitioner cannot and does not establish that had he proceeded to trial, he would have received a more favorable outcome, and thus does not demonstrate that counsel rendered ineffective assistance under the requirements of Strickland. In light of the foregoing, the Appellate Division's determination was not contrary to, or an unreasonable application

of clearly established federal law, and petitioner is therefore not entitled to habeas relief on this ground.

### a. Request for Evidentiary Hearing

Petitioner also requests an evidentiary hearing with respect to his claim of ineffective assistance of counsel. Pet., page 17. "A district court has broad discretion to hear further evidence in habeas cases." Nieblas v. Smith, 204 F.3d 29, 31 (2d Cir. 1999) (citing Townsend v. Sain, 372 U.S. 293, 318 (1963)). "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (ellipsis in original) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)); see also Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.")

It is abundantly clear from the record that petitioner's claims have no merit and that there are no grounds for habeas relief. Accordingly, the request for an evidentiary hearing is denied.

**IV. Conclusion**

For the reasons stated above, Keith Smith's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   September 23, 2010
         Rochester, New York